DAVID J. COHEN, ESQ.
California Bar No. 145748
djcohen@baclpc.com
CLINT C. CHRISTOFFERSEN, ESQ.
California Bar No. 315827
clintc@baclpc.com
**BAY AREA CRIMINAL LAWYERS, PC**
300 Montgomery Street, Suite 660
San Francisco, CA 94104
Telephone: (415) 398-3900

Attorneys for Plaintiff **Sergio Ocampo**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO OCAMPO,<br><br>Plaintiff,<br><br>v.<br><br>THE TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY, SGT. JAMES CALLAHAN, OFC. JASON HYNES, LAWRENCE BIRELLO<br><br>Defendants. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES**<br><br><br>**Demand for Jury Trial** |

**I.**

**PARTIES**

1. The Plaintiff is Sergio Ocampo, Jr., of 19866 Trotter Ln., Yorba Linda, CA 92886.

2. The Defendants are the Trustees of the California State University, C.S.U. Sgt. James Callahan, C.S.U. Ofc. Jason Hynes, and S.F.S.U. Manager for Student Rights and Responsibilities Lawrence Birello.

MR. OCAMPO'S CIVIL COMPLAINT
*Ocampo. v. The Trustees of the California State University, Sgt. James Callahan, Ofc. Jason Hynes, Lawrence Birello;*
Case no. _____

1

II.

**JURISDICTION**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this matter involves questions arising under the Constitution and laws of the United States.

4. This Court also has supplemental jurisdiction over Mr. Ocampo's state law claims pursuant to 28 U.S.C. § 1367, as these state law claims are so related to Mr. Ocampo's federal claims that they, together, form the same case or controversy under Article III of the U.S. Constitution.

III.

**VENUE AND ASSIGNMENT**

5. Venue is appropriate in this Court because a substantial part of the events underlying this matter took place within the Northern District of California.

6. This matter should be assigned to San Francisco/Oakland Division of this Court, as the circumstances giving rise to Plaintiff's claims primarily occurred in San Francisco County.

IV.

**STATEMENT OF FACTS**

7. Plaintiff Sergio Ocampo, Jr., began attending San Francisco State University in the fall of 2021.

8. On May 5, 2022, Mr. Ocampo was in his dorm room at S.F.S.U.'s Mary Ward Hall, visiting with a friend and fellow S.F.S.U. student. With the spring semester coming to a close, the two friends said goodbye for the summer and Mr. Ocampo began to left his room to ride his skateboard to class.

MR. OCAMPO'S CIVIL COMPLAINT
*Ocampo. v. The Trustees of the California State University, Sgt. James Callahan, Ofc. Jason Hynes, Lawrence Birello;*
Case no. _____

2

9. On his way, but still inside Mary Ward Hall, Mr. Ocampo was verbally attacked by fellow S.F.S.U. student Joey, last name unknown but, on information and belief, Gonzalez ("Joey").

10. Mr. Ocampo ignored Joey and continued heading to class.

11. While waiting for the elevator, Joey struck Mr. Ocampo on the back of the head with a closed fist and full force.

12. Thereafter, Mr. Ocampo remained calm as Joey continued to verbally antagonize him.

13. Joey then pulled out a knife, and Mr. Ocampo attempted to use his skateboard to shield him from the attack. Doing so, he was able to keep his distance from Joey and make it safely to a nearby elevator. He then took the elevator to the lobby and, visibly shaken from the incident, advised a front desk attendant of what had occurred. Mr. Ocampo then left Mary Ward Hall and went to class.

14. Later that day, Mr. Ocampo met with C.S.U. police officers stationed at S.F.S.U. After explaining what had happened, Mr. Ocampo advised that he desired prosecution of Joey for the assault.

15. Officers then arrested Mr. Ocampo and held him in custody at S.F. County Jail #1 for five days.

16. Traumatized by the assault and baseless arrest, Mr. Ocampo struggled to get through his scheduled finals.

17. The trauma continued when Mr. Ocampo was subsequently subjected to S.F.S.U. disciplinary proceedings, led by defendant Lawrence Birello, and, ultimately, placed on disciplinary probation.

MR. OCAMPO'S CIVIL COMPLAINT
*Ocampo. v. The Trustees of the California State University, Sgt. James Callahan, Ofc. Jason Hynes, Lawrence Birello;*
Case no. _____

18. While on disciplinary probation, Mr. Ocampo lived in constant fear that any misconduct may result in an automatic dismissal from S.F.S.U., as provided for by the terms of his probation. What's more, given the circumstances underlying Mr. Ocampo's placement on probation, could not even avoid dismissal through his own good conduct, instead fearing that even bad acts by others might cause the school to dismiss his.

19. The trauma continued in the spring semester of 2023, when Joey returned to S.F.S.U., without any notice or safety precautions provided to Mr. Ocampo by the school.

20. On February 3, 2023, Mr. Ocampo timely filed a notice of claim on defendant Trustees of the California State University, as required by California Government Code § 900, *et seq*.

21. Because defendant Trustees of the California State University did not respond to Mr. Ocampo's notice of claim within 45 days thereafter, the claim is deemed rejected pursuant to Cal. Gov. Code § 912.4.

## V.

## CLAIMS

FIRST CLAIM FOR RELIEF: DEPRIVATION OF RIGHTS [42 U.S.C § 1983]

22. Mr. Ocampo hereby realleges paragraphs 1-21, above, and incorporates the same herein by reference.

23. Pursuant to the Fourth Amendment to the U.S. Constitution, Mr. Ocampo has a right to be free from unreasonable searches and seizures.

24. Mr. Ocampo's arrest was unreasonable and in violation of the Fourth Amendment. Mr. Ocampo was arrested without a warrant, and his arrest was not supported by probable cause or reasonable suspicion.

MR. OCAMPO'S CIVIL COMPLAINT
*Ocampo. v. The Trustees of the California State University, Sgt. James Callahan, Ofc. Jason Hynes, Lawrence Birello;*
Case no. _____

4

25. In arresting Mr. Ocampo without a warrant, probable cause, or reasonable suspicion, defendants Sgt. Callahan and Ofc. Hynes violated Mr. Ocampo's Fourth Amendment rights.

26. The arrest of Mr. Ocampo by Sgt. Callahan and Ofc. Hynes was conducted pursuant to training and policies established by defendant Trustees of the California State University.

27. The failure of the Trustees of the California State University to adopt and promote adequate training and appropriate policies regarding the Fourth Amendment rights of students led directly to Mr. Ocampo's arrest.

28. Defendant Lawrence Birello subsequently ratified the unlawful arrest conducted by defendants Sgt. Callahan and Ofc. Hynes by punishing Mr. Ocampo for the incident. This ratification demonstrates deliberate indifference to or tacit authorization of the unlawful arrest.

29. Mr. Ocampo's injuries have been exacerbated by Mr. Birello's plain disregard for the violation of Mr. Ocampo's rights.

30. Since Mr. Ocampo's arrest, Mr. Birello and the Trustees of the California State University have further ratified Mr. Ocampo's arrest by failing to make any changes as to training or policies that might prevent such unlawful arrests in the future. These failures demonstrate deliberate indifference to or tacit authorization of the unlawful arrest.

31. Mr. Ocampo's injuries have been exacerbated by Mr. Birello's and the Trustee's plain disregard for the violation of Mr. Ocampo's rights.

32. Defendants at all times relevant to this claim were acting under color of state law.

### SECOND CLAIM FOR RELIEF: FALSE ARREST

33. Mr. Ocampo hereby realleges paragraphs 1-32, above, and incorporates the same herein by reference.

34. Defendants Sgt. Callahan and Ofc. Hynes arrested Mr. Ocampo without a warrant.

MR. OCAMPO'S CIVIL COMPLAINT
*Ocampo. v. The Trustees of the California State University, Sgt. James Callahan, Ofc. Jason Hynes, Lawrence Birello;*
Case no. _____

5

35. Mr. Ocampo's arrest was not supported by probable cause or reasonable suspicion.

36. As a direct result of his arrest, Mr. Ocampo has suffered serious mental and emotional harm.

37. The unlawful arrest of Mr. Ocampo by Sgt. Callahan and Ofc. Hynes was conducted pursuant to training and policies established by defendant Trustees of the California State University.

38. The failure of the Trustees of the California State University to adopt and promote adequate training and appropriate policies regarding the proper investigation of crimes and arrest of suspects led directly to Mr. Ocampo's arrest.

39. Defendant Lawrence Birello subsequently ratified the unlawful arrest conducted by defendants Sgt. Callahan and Ofc. Hynes by punishing Mr. Ocampo for the incident.

40. Mr. Ocampo's injuries have been exacerbated by Mr. Birello's plain disregard for the violation of Mr. Ocampo's rights.

41. Since Mr. Ocampo's arrest, Mr. Birello and the Trustees of the California State University have further ratified Mr. Ocampo's arrest by failing to make any changes as to training or policies that might prevent such unlawful arrests in the future.

42. Mr. Ocampo's injuries have been exacerbated by Mr. Birello's and the Trustee's plain disregard for the violation of Mr. Ocampo's rights.

## THIRD CLAIM FOR RELIEF: FALSE IMPRISONMENT

43. Mr. Ocampo hereby realleges paragraphs 1-42, above, and incorporates the same herein by reference.

44. In arresting Mr. Ocampo, defendants Sgt. Callahan and Ofc. Hynes intentionally confined and restricted the liberty of Mr. Ocampo without his consent.

45. Sgt. Callahan and Ofc. Hynes arrested Mr. Ocampo without any lawful authority to do so.

46. The confinement of Mr. Ocampo and restriction of his liberty lasted for five days.

47. The arrest of Mr. Ocampo by Sgt. Callahan and Ofc. Hynes was conducted pursuant to training and policies established by defendant Trustees of the California State University.

48. The failure of the Trustees of the California State University to adopt and promote adequate training and appropriate policies regarding the Fourth Amendment rights of students led directly to Mr. Ocampo's arrest.

49. Defendant Lawrence Birello subsequently ratified the unlawful arrest conducted by defendants Sgt. Callahan and Ofc. Hynes by punishing Mr. Ocampo for the incident.  This ratification demonstrates deliberate indifference to or tacit authorization of the unlawful arrest.

50. Mr. Ocampo's injuries have been exacerbated by Mr. Birello's plain disregard for the violation of Mr. Ocampo's rights.

51. Since Mr. Ocampo's arrest, Mr. Birello and the Trustees of the California State University have further ratified Mr. Ocampo's arrest by failing to make any changes as to training or policies that might prevent such unlawful arrests in the future.  These failures demonstrates deliberate indifference to or tacit authorization of the unlawful arrest.

52. Mr. Ocampo's injuries have been exacerbated by Mr. Birello's and the Trustee's plain disregard for the violation of Mr. Ocampo's rights.

### FOURTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53. Mr. Ocampo hereby realleges paragraphs 1-52, above, and incorporates the same herein by reference.

MR. OCAMPO'S CIVIL COMPLAINT
*Ocampo. v. The Trustees of the California State University, Sgt. James Callahan, Ofc. Jason Hynes, Lawrence Birello;*
Case no. _____

7

54. The arrest of Mr. Ocampo, who was a victim of an assault, by Sgt. Callahan and Ofc. Hynes, without a warrant, probable cause, or reasonable suspicion, constituted extreme and outrageous conduct.

55. In arresting Mr. Ocampo, Sgt. Callahan and Ofc. Hynes demonstrated a reckless disregard for the probability of inflicting emotional distress upon Mr. Ocampo.

56. As a direct result of the arrest, Mr. Ocampo has suffered severe emotional trauma.

57. The arrest of Mr. Ocampo by Sgt. Callahan and Ofc. Hynes was conducted pursuant to training and policies established by defendant Trustees of the California State University.

58. The failure of the Trustees of the California State University to adopt and promote adequate training and appropriate policies regarding the Fourth Amendment rights of students led directly to Mr. Ocampo's arrest.

59. Defendant Lawrence Birello subsequently ratified the unlawful arrest conducted by defendants Sgt. Callahan and Ofc. Hynes by punishing Mr. Ocampo for the incident.  This ratification demonstrates deliberate indifference to or tacit authorization of the unlawful arrest.

60. Mr. Ocampo's injuries have been exacerbated by Mr. Birello's plain disregard for the violation of Mr. Ocampo's rights.

61. Since Mr. Ocampo's arrest, Mr. Birello and the Trustees of the California State University have further ratified Mr. Ocampo's arrest by failing to make any changes as to training or policies that might prevent such unlawful arrests in the future.  These failures demonstrates deliberate indifference to or tacit authorization of the unlawful arrest.

62. Mr. Ocampo's injuries have been exacerbated by Mr. Birello's and the Trustee's plain disregard for the violation of Mr. Ocampo's rights.

MR. OCAMPO'S CIVIL COMPLAINT
*Ocampo. v. The Trustees of the California State University, Sgt. James Callahan, Ofc. Jason Hynes, Lawrence Birello;*
Case no. _____

FIFTH CLAIM FOR RELIEF: NEGLIGENCE

63. Mr. Ocampo hereby realleges paragraphs 1-62, above, and incorporates the same herein by reference.

64. At all relevant times, all defendants owed Mr. Ocampo a duty of due care.

65. In arresting Mr. Ocampo without a warrant, probable cause, or reasonable suspicion, defendants Sgt. Callahan and Ofc. Hynes breached this duty.  As a result, Mr. Ocampo physically lost his liberty and suffered substantial mental and emotional harm.

66. The arrest of Mr. Ocampo by Sgt. Callahan and Ofc. Hynes was conducted pursuant to training and policies established by defendant Trustees of the California State University.

67. The failure of the Trustees of the California State University to adopt and promote adequate training and appropriate policies regarding the Fourth Amendment rights of students led directly to Mr. Ocampo's arrest.  These shortcomings breached the Trustee's duty of care to Mr. Ocampo, leading directly to his loss of physical liberty and torment suffered due to the arrest.

68. In subsequently ratifying the unlawful arrest conducted by defendants Sgt. Callahan and Ofc. Hynes by punishing Mr. Ocampo for the incident, defendant Lawrence Birello violated his duty of care to Mr. Ocampo.  This ratification exacerbated Mr. Ocampo's mental and emotional harm.

SIXTH CLAIM FOR RELIEF: INTERFERENCE WITH RIGHTS [CAL. CIV. CODE § 52.1 [BANE ACT]]

69. Mr. Ocampo hereby realleges paragraphs 1-68, above, and incorporates the same herein by reference.

70. Pursuant to the Fourth Amendment to the U.S. Constitution, Mr. Ocampo has a right to be free from unreasonable searches and seizures.

MR. OCAMPO'S CIVIL COMPLAINT
*Ocampo. v. The Trustees of the California State University, Sgt. James Callahan, Ofc. Jason Hynes, Lawrence Birello;*
Case no. _____

9

71. Mr. Ocampo's arrest was unreasonable and in violation of the Fourth Amendment. Mr. Ocampo was arrested without a warrant, and his arrest was not supported by probable cause or reasonable suspicion.

72. In arresting Mr. Ocampo without a warrant, probable cause, or reasonable suspicion, defendants Sgt. Callahan and Ofc. Hynes violated Mr. Ocampo's Fourth Amendment rights.

73. The arrest of Mr. Ocampo by Sgt. Callahan and Ofc. Hynes was conducted pursuant to training and policies established by defendant Trustees of the California State University.

74. The failure of the Trustees of the California State University to adopt and promote adequate training and appropriate policies regarding the Fourth Amendment rights of students led directly to Mr. Ocampo's arrest.

75. Defendant Lawrence Birello subsequently ratified the unlawful arrest conducted by defendants Sgt. Callahan and Ofc. Hynes by punishing Mr. Ocampo for the incident. This ratification demonstrates deliberate indifference to or tacit authorization of the unlawful arrest.

76. Mr. Ocampo's injuries have been exacerbated by Mr. Birello's plain disregard for the violation of Mr. Ocampo's rights.

77. Since Mr. Ocampo's arrest, Mr. Birello and the Trustees of the California State University have further ratified Mr. Ocampo's arrest by failing to make any changes as to training or policies that might prevent such unlawful arrests in the future. These failures demonstrate deliberate indifference to or tacit authorization of the unlawful arrest.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Ocampo prays for the following relief:

78. Judgment in favor of Mr. Ocampo on claims I-VI, and compensatory damages therefore in the amount of $250,000;

79. Punitive damages in the amount of $2.5 million;

80. An award of pre-judgment interest, attorney fees, costs and post-judgment interest;

81. Appointment of a special master to review and advise Defendants regarding the relevant polices designed and implemented by Defendants to ensure compliance with Defendant's duties and obligations under state and federal law; and

82. Any other relief the Court deems proper.

## VII.

## DEMAND FOR JURY TRIAL

83. Mr. Ocampo demands a jury trial on all issues.

Respectfully submitted,

**BAY AREA CRIMINAL LAWYERS, PC**

Dated: April 24, 2023

_____
DAVID J. COHEN, ESQ.
Attorneys for Defendant **Sergio Ocampo**

MR. OCAMPO'S CIVIL COMPLAINT
*Ocampo. v. The Trustees of the California State University, Sgt. James Callahan, Ofc. Jason Hynes, Lawrence Birello;*
Case no. _____

11